Wash, J.,
delivered the opinion of the Court.
The plaintiffs sued P. R. Thompson on a promissory note, and summoned R. C. Thompson as garnishee, in whose hands a large amount of merchandise was attached as the property of P. R. Thompson. Judgment was rendered without opposition against the defendant, for the amount of his note and interest. Interrogatories were exhibited to be answered by the garnishee, touching the property of the goods attached ; who admitted a large amount of goods in his hands which had once belonged to the defendant, P. R. Thompson, but insisted that they had been regularly and bona fide conveyed to the garnishee and one Anderson, as trustees of the defendant, for the purpose of paying said trustees certain security debts, and for paying certain other creditors of the defendant, not mentioning the plaintiffs. The plaintiffs counterpleaded to the answer of the garnishee, and alledged that the deed of trust was fraudulent and void, and conveyed no title. On this allegation issue was taken, and under the instruction of the Court was found by the jury for the garnishee, and judgment was thereupon given. To reverse which the plaintiffs have brought this writ of error.
From the evidence preserved by the bill of exceptions, it appears that at the time P. R. Thompson executed the deed of trust, he was in failing circumstances, and unable to pay all his debts; that the debts mentioned in the deed, of trust were bona fide due, and that the trustees themselves were creditors and securities of the defendant. At the trial various instructions were moved for by the plaintiffs’ connsel, which the Court refused to give, and which it seems unnecessary to notice in detail.
They are all resolvable into this single proposition, to wit: whether P. R. Thompson, the defendant, being in failing circumstances, and actually sued for a just debt by the plaintiffs at the time he made the deed of trust under which the gar *62 nishee claims, could or could not by law prefer one set of creditors to another, and so convey his property in trust as to exclude the plaintiffs.
Upon this question the law is believed to be well settled for the garnishee. The cases cited from 15 John. R. 571; 8 T. R. 420; and 8 T. R. 528, discuss fully and establish clearly the principle “ that it is neither illegal nor immoral to prefer one set of creditors to another.” Such a preference of itself furnishes no ground from which to infer fraud, and in this case there is nothing shown but the preference given some of the creditors over the plaintiffs, from which it can be inferred that the parties, at the time of making the deed of trust in this case, intended to defraud the plaintiffs. The deed contains no clause or power of revocationmakes no provision whatever for the grantor; is unrestricted in its terms; accompanied with a delivery of possession; is intended to provide for the payment of debts bona fide due, and must be adjudged good and effectual in law.
The cases cited and relied on by the plaintiff’s counsel, are clearly distinguishable from the one now before the Court. In the case of Burd v. Smith, lessee, &c, in 4 Dall. p. 80, the deed contained specific conditions and stipulations, such as, that it should be available for those creditors only, who in nine months thereafter should signify their acceptance of the interest conveyed under it; and that the Trustees should pay to one of the grantors, his executors, administrators or assigns, the proportion of all such creditors as should not signify their acceptance within the time specified, &c. From the very terms and operation of the deed, an interest was reserved for the debtor, and this formed the strong ground in argument. The deed Was not made to creditors, but to strangers of the debtors own nomination, who paid no consideration. The whole estate conveyed was conditional, and the deed itself was not delivered until after judgment and execution, which gave a lien. The case of Hislop and Campbell v. Clark and others, 14 John. p. 458, was one in which the deed was made, on condition that the creditors should grant a discharge to the debtors, and to be and become null and void, if the creditors or any of them should refuse to give a discharge ; and provided a resulting interest to the grantors. The ease referred to in Peters’ condensed reports, 321, settles the principles against the doctrines contended for by the plaintiffs’ counsel. The cases, so far as they have been examined, are in many essential points very unlike the one before the Court, and easily distinguishable from it, in the application of those principles which are too well settled to be now questioned, and upon which it is adjudged that the decision of the Circuit Court he affirmed with costs.