ROBINSON & WENTZ, Defendants in Error, *vs.* McFAUL, Plaintiff in Error.

1. A release of a parol contract before breach need not be under seal. Thus, where goods are consigned to two partners for sale, one of them, who re-tires from the firm before the goods are sold, and is verbally released, is not liable for goods subsequently sold by the remaining partner.
2. One partner who confesses an action is, under the code, a competent wit-ness against his co-partner who defends it.

*Error to St. Louis Circuit Court.*

*C. B. Lord,* for plaintiff in error. The court erred in striking out the answer, as it contained a good defence to so much of plaintiffs' claim as arose after the dissolution. Sto-ry on Part. §153. Bisset on Part. 90. *Godfrey* v. *Saun-ders,* 3 Wilson, 94. 1 Livermore on Agency, 80, 84. *Wells* v. *Ross,* 7 Taunt. 403. *Bank of Wilmington* v. *Almond,* 1 Whart. 169. Gow on Part. 149.

*L. K. Kinsey,* for defendants in error. No agreement is shown by the answer of McFaul to discharge him, nor any cir-cumstances operating as a satisfaction by him; nor is there any consideration for such agreement, or any change of secu-rity shown. Collyer on Part. 324, 327. *Harris* v. *Lind-say,* 4 Wash. C. C. R. 271. *Thompson* v. *Percival,* 5 Barn. & Adolph. 925. *Wells* v. *Ross,* 7 Taunt. *Hebertson* v. *Jepherson,* 10 Barr.

SCOTT, Judge, delivered the opinion of the court.

The respondents sued Mogridge & McFaul on an account, for goods consigned to them for sale. The account was rendered in the name of the defendants, by Mogridge, up to the 20th of September, 1853, in which there was a balance admitted against them of $827 22.

Mogridge, one of the defendants, confessed the action. McFaul answered, denying any indebtedness to the plaintiffs;

that the partnership between himself and Mogridge was dissolved by mutual consent about the 8th day of June, 1853 ; that notice of this dissolution was given to the plaintiffs ; that after notice of the dissolution of the partnership, the property previously consigned to them was allowed to remain in the hands of Mogridge, who, the plaintiffs were informed, would carry on the contracts of the firm on his own account ; that the plaintiffs recognized the dissolution and released this defendant from all liability to them. This answer was judged insufficient, and judgment for want of answer was entered up against McFaul.

1. The question is, as to the sufficiency of this answer. Taken in connection with the petition, the answer is sufficiently intelligible. There is no person of ordinary understanding who reads it, who does not perceive the precise point of the defense. The fact pleaded is a goood defense for McFaul. It is a legal one. A verbal release, or a release not under seal, (the word is not used in its technical sense,) of a parol contract before any breach thereof, is a good defense to an action on that contract. Goods were consigned to two partners to be sold. Before the goods were sold, one of the partners left the firm by mutual consent. The consignors were informed of this fact. They recognized the dissolution and released the partner who left the firm, knowing that the business would be carried on by the other partner. Can any thing be clearer than that the partner who left the firm is not liable for goods sold subsequently to the release ? Some might have written a much fuller answer, but we all know that the present practice act has generated great carelessness in the preparation of the pleadings in causes. Many seem to think that any thing will do for a petition or an answer, and the object of the act is entirely lost sight of or misconceived. So far from pleadings being abridged, they have become much more voluminous than formerly, and the matter in dispute is clouded with a verbiage which confounds rather than enlightens those on whom the administration of justice is devolved. Under these circumstances, it is better to err on the safe side, and try the

truth of an answer, which can do no harm, than to strike it out, whereby irremediable injury may be done.

2. We see no objection to using the defendant, Mogridge, as a witness for the plaintiffs. The 11th section of the 24th article of the present practice act allows this to be done. N. Y. Code of Practice, 293, notes. The other judges concurring, the judgment will be reversed, and the cause remanded.