HOLDEN & HOUGHTON, Respondents, *vs.* McFAUL, Appellant.

1. Where goods are consigned for sale to two partners, who afterwards dissolve, the mere fact that the owner, after being notified by the retiring partner of the dissolution, suffers the goods to remain in the possession of the other partner, is not sufficient to release the retiring partner from liability for the proceeds.

*Appeal from St. Louis Circuit Court.*

This action was brought to recover the proceeds of certain merchandise consigned to Mogridge & McFaul, as commission merchants.

McFaul answered for himself, and stated that the firm of Mogridge & McFaul was dissolved on the 8th of June, 1853, and that the property of the plaintiffs, which had been consigned to the firm, was left in the possession of Mogridge, who continued to carry on the business, of all which, notice was at once given to the plaintiffs ; and that the plaintiffs " recognized the dissolution and suffered their property to remain in the hands and under the control of Mogridge up to the date of the commencement of this suit."

Mogridge put in an answer, purporting to be an answer for both defendants, confessing the action. When the case was called for trial, judgment was given against both defendants upon the pleadings.

*C. B. Lord,* for appellant, cited *Robinson* v. *McFaul,* 19 Mo. Rep. 549. Story on Partnership, § 153. Gow on Partnership, 149. Bisset on Partnership, 90. 1 Wharton, 169. Livermore on Agency, 80, 84. *Godfrey* v. *Saunders,* 3 Wils. 94. *Wells* v. *Ross,* 7 Taunton, 403.

*J. H. Henning,* for respondents.

SCOTT, Judge. There is nothing in this case. There was no defence available in law made by McFaul. The answer sets up no matter sufficient to defeat the plaintiffs. This is unlike the case of *Robinson* v. *McFaul,* 19 Mo. Rep. 550. In that

case, it was held that, where goods are consigned to a firm to sell on commission, and that firm is dissolved, and the goods are permitted to remain in the hands of one of the members, and the consignor releases the other, he will not be liable for any thing done or happening to the goods after the release. Here there is no allegation that there was any release. After McFaul became bound for the goods, he could, in no way, by his own act, release himself.

The other judges concurring, the judgment will be affirmed.