WINSTON *et al.*, Plaintiffs in Error, v. TAYLOR, Defendant in Error.

1. A defendant can not be permitted to introduce evidence to support a defence to the action not set up in his answer.

2. Where property is bailed to a partnership, one partner can not absolve himself from liability to a bailor, without the latter's consent, by retiring from the firm. Where, however, property is not bailed for any definite time, but the bailor may take the same away at any time, a retiring partner may give notice to the bailor of his retiring and may require him to take away the bailed property; if the bailor should then permit it to remain after the expiration of a reasonable time, he must look to the remaining partners; the retiring partner would be absolved from liability for loss occurring after his retirement.

3. A judgment obtained in a sister state upon notice to the defendant by publication only, there being no appearance of the defendant, will be deemed null and void outside the state in which it is rendered.

*Error to Miller Circuit Court.*

Claybrook's testimony, referred to in the opinion of the court, was to the following effect, that he had heard Taylor say in California to some of the plaintiffs that he had sold his interest in the ranche, and intended coming home to Missouri and told them to go down and see about their stock ; that " they talked like they would go down." The fifth and sixth instructions alluded to are as follows : " 5. If Taylor sold his interest in the ranche and notified defendants or either of them to go and get their stock, the defendant can not be affected by the declarations of Amick or any other of the partners after such sale, notice and request, as to any thing which happened after such sale. 6. If the defendant sold out his interest in the ranche and notified plaintiffs or either of them of such sale, and requested them to go and take charge of their stock, he is not liable for any loss of the same, if such loss happened after such sale, notice and request."

*Edwards & Ewing*, for plaintiffs in error.

I. The circuit court gave contradictory instructions to the jury. The seventh instruction asked and given for the plaintiffs is in conflict with the fifth and sixth instructions given for the defendant and calculated to mislead the jury.

II. The court erred in instructing the jury as to the burden of proof in the case as declared in defendant's first instruction. The defendant having received the property of plaintiffs, he was bound to account for it when called upon by plaintiffs, and the burden of proof was on him to excuse himself for such failure.

III. The court erred in permitting the evidence of George W. Claybrook to go to the jury. No such defence is set up in defendant's answer as is made by that evidence, and the evidence was therefore incompetent.

IV. The court erred in sustaining the defendant's demurrer to plaintiffs' original petition. The plaintiffs declared on

a judgment between the parties rendered by a court of competent jurisdiction in the state of California. The service was by publication under the statute of that state. (Story's Conflict of Laws, § 608.)

*Parsons,* for defendant in error.

I. The circuit court erred in striking out that part of defendant's answer setting up the statute of limitations in bar of the recovery sought. The foreign judgment was the foundation of the action; it not appearing that such judgment is regular or authorized by the laws of California, the demurrer was well sustained to the original petition. The amended petition set up another cause of action, and it was competent for the defendant to plead the statute to such action if it had not occurred within five years, which was a question of fact for the jury.

II. The circuit court should have sustained the defendant's motion to strike out all of defendant's amended petition. It was a new cause of action different from that set out in the original petition. There was no error in admitting the evidence of G. W. Claybrook, which was competent to show care and diligence on the part of the defendant, which was the gist of the matter in controversy, and any evidence tending to show care and prudence in regard to the property of plaintiffs while in charge of defendant was competent in his defence. (1 Parsons on Contracts, p. 621.)

IV. The burden of proof in this case as to negligence or want of care was upon the plaintiffs, and the defendant was not bound to prove affirmatively that he used reasonable care. (See Parsons on Contracts, 606, 621.) The defendant's first instruction was therefore proper.

V. There is no conflict between the plaintiffs' seventh instruction and the fifth and sixth instructions asked for by defendant; the promise to ranche the stock was for an indefinite time, defendant therefore had the right to require plaintiffs to receive the stock, and they having failed to do so defendant was discharged from further liability. If there

was a conflict in the instructions, it resulted to the injury of defendant, for no instruction maintaining the opposite of the above should have been given.

VI. There being evidence to sustain the verdict, this court will not undertake to weigh it, but will let the verdict of the jury remain undisturbed.

RICHARDSON, Judge, delivered the opinion of the court.

The defendant and his partners, who kept a " ranche" in California, received of the plaintiffs, in September, 1850, eight horses and seven mules to be herded on their ranche, for which the plaintiffs were to pay three dollars per head each month. By this contract the defendant did not insure the safety of the stock, but was only bound to take ordinary and reasonable care of it, and was only responsible for ordinary negligence. (Story, Bail. § 443.)

The amended petition on which the action was tried, after setting out the contract and its legal effect, averred that though the plaintiffs demanded the horses and mules of the defendant, only six of the horses and four of the mules were delivered, and that the others were lost by reason of the negligence and improper care of defendant. The defendant admitted that some of the horses and mules were lost, but denied that they had been demanded by the plaintiffs, or that they were lost by the carelessness or negligence of the defendant. The only issue tendered by the answer was whether the property was lost by the defendant's negligence. No new matter was introduced or relied on, and there was nothing to warrant the admission of Claybrook's testimony, or the giving of the fifth and sixth instructions asked by the defendant. The defence made for the first time at the trial amounted to a release, which was inadmissible, if for no other reason than because it was not set up in the answer.

The defendant could not absolve himself, without the consent of the plaintiffs, from the liability the contract imposed on him and his partners, by retiring from the firm. (Holden v. McFaul, 21 Mo. 215.) But as the stock was not placed

in the defendant's custody for any definite time, and the plaintiffs could have removed it at their pleasure, the defendant on, the other hand, could have required the plaintiffs to take it away, by giving them reasonable notice; and, in my opinion, if Taylor had advised them that he intended to give up the business and leave the country, and had requested them to remove their stock, there would be no hardship in holding, if they permitted it to remain after the expiration of a reasonable time within which they could have taken it away, that they looked to the other partners to take care of their property, and discharged him from the contract. Such a defence, however, ought to be clearly made out, not only as to the request, but that reasonable time was given after notice for the removal of the stock, and that a cause of action against him had not already accrued.

There is, perhaps, no absolute rule for determining in every case upon whom the burden of proof rests, whether upon the bailor, to establish the negligence by which the property was lost, or upon the bailee, to show that the loss has been without any neglect on his part. Sometimes it depends on the form of the action and upon the stage of the cause at which the question arises. In an action of trover, the plaintiffs may rely on a demand and refusal of the property, and thus put the opposite party on the defence; but in an action of assumpsit, or an action on the case founded on negligence, the plaintiff must make out a *prima facie* case as he charges it; for it is a general common law principle that every person is presumed to do his duty until the contrary is shown. (Story Bail. § 213, 278, 410, 454.) It is also said that when the thing bailed is lost or injured, the bailee is bound to account for such loss or injury; but when this is done, the proof of negligence or want of due care is thrown on the bailor. (1 Parsons on Cont. 606.) In this case, however, the question did not arise, and there was no propriety in giving the instructions asked by either party on the subject, for the pleadings admitted the bailment and the loss of the property, and both parties gave evidence bearing on the subject of

negligence, and, as the whole case was before the jury, the only question to be decided was whether the loss resulted from the want of ordinary care and attention.

The demurrer was properly sustained to the original petition, for, as the defendant never appeared to the suit in California, the notice by publication was insufficient to authorize an action in this state on the record of the judgment. (Stonestreet v. Shannon, 1 Mo. 375; Sallee v. Hay, 3 Mo. 84; Smith v. Ross, 7 Mo. 463.)

Judge Scott concurring, the judgment will be reversed and the cause remanded. Judge Napton absent.