LYNCH *et al.*, Appellants, v. MORROW'S ADMINISTRATOR, Respondent.

1. A defendant should not be permitted to introduce evidence to support a defence not set up in his answer.

*Appeal from St. Louis Land Court.*

*Cline & Jamison,* for appellants.

*Barret,* for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiffs brought their action against the defendant for use and occupation of a tenement belonging to them and rented to the defendant, for which they claimed three hundred dollars. The defendant, in his answer, denied that he was indebted to the plaintiffs the amount they claimed for rent or on any other account, but admitted that he owed them fifty dollars, which he offered, and was still ready and willing to pay, but they refused to accept it. The defendant on the trial was allowed to read in evidence, against the plaintiffs' objection, the following instrument, after first proving its execution: " $100. St. Louis, January 21st, 1856. Borrowed and received from Capt. D. I. Morrow one hundred dollars, payable on demand. For Lynch, Arnot & Co., by Turnbull."

This paper was inadmissible in any light in which it may be regarded, whether as a promissory note due by the plaintiff to the defendant, or as a receipt for so much money paid by the defendant to the plaintiffs on their demand for rent. The law requires that an answer shall contain, 1st, a special denial of each material allegation in the petition controverted by the defendant, and 2d, a statement of any new matter constituting a defence or counter claim. And, therefore, if the paper was intended to be used as a set-off, it should have been set up in the answer as a counter claim. Or if it was offered to prove a payment of any part of the sum sued for,

it ought to have been excluded as there was no such defence as payment made in the answer. (Winston v. Taylor, 28 Mo. 82.)

The other judges concurring, the judgment will be reversed and the cause remanded.