COWDEN, Appellant, v. CAIRNS *et al.*, Respondents.

1. A defendant can not be permitted to introduce evidence to support a defence to the action not set up in his answer.

2. Where a lease is made to five persons, and there is nothing on the face of the lease to indicate that the lease was made to them for partnership purposes, and under a judgment against one of them his interest in the lease is levied on and sold, and the purchaser institutes an action for partition of the leasehold premises; *held*, that, at law, the lessees held the premises as tenants in common and the purchaser at the execution sale acquired the apparent interest of the execution debtor; that the defendants could not show, by way of equitable defence to the partition suit, that the said leasehold premises were purchased and held for partnership purposes and were consequently personalty and that the execution debtor had no interest therein, unless they set up such a defence in their answer; that if such defence were set up, notice must be brought home to the purchaser.

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*Bennett*, for appellant.

I. The leasehold property is to be treated as real estate. The plaintiff was entitled to judgment against the defendants upon their answer. Nothing was said in the answer about the leasehold having been held by Fribourg and the defendants as partnership property; much less was it said that the defendants had a lien on Fribourg's interest to pay the debts of the firm or any balance due from Fribourg to either of themselves. Defendants did not set up this defence in their answer. (Holmes v. McGee, 27 Mo. 597.) There was nothing on the face of the deed to show that the lessees held the premises in any other manner than as tenants in common. The plaintiff is entitled to protection as a *bona fide* purchaser without notice. (4 Munf. 316; 7 S. & R. 438; 2 Watts, 143; 2 Barb. Ch. 165.) Besides it is not the law that real estate bought and improved with partnership funds for partnership purposes is absolutely and for all purposes converted into personalty. So far as the legal title is concerned, partnership real estate is held by the partners as tenants in common, but the share of each partner is subject to an equitable lien for the debts of the firm and for any balance due from him to his copartners. Each partner holds the legal title to his share in trust for these purposes. It will be converted by a court of equity to the extent necessary to discharge the trusts and meet the exigencies of the partnership. In the present case the partnership had been dissolved, the debts of the firm paid, and all the equities between the partners, except in this leasehold property, fully adjusted. (Cookson v. Cookson, 8 Sim. 549; Bell v. Phyn, 7 Ves. 453; 3 Bro. C. C. 199; Green v. Graham, 5 Ohio, 264; Carlisle v. Mulhern, 19 Mo. ——; Hoxie v. Carr, 1 Sumn. 185; Goodwin v. Richardson, 11 Mass. 469; Blake v. Nutter, 19 Maine, 16; Coles v. Coles, 15 Johns. 16; Dyer v. Clark, 5 Metc. 580; Deloney v. Hutcheson, 2 Rand. 183;

Holmes v. McGee, 27 Mo. 597 ; Wiles v. Maddox, 26 Mo. 77.) This is a suit for partition under the statute. If the defendants have any equities they must make them clearly appear in a mode which would entitle them to equitable relief. (See Wilbridge v. Case, 2 Ind. 36 ; Williams v. Van Tuyl, 2 Ohio, State, 336 ; Green v. Graham, 5 Ohio, 264 ; Spitts v. Wells, 18 Mo. 468 ; 1 Sto. Eq. § 654–8.) The mere fact that the defendants in their answer deny that plaintiff has any interest in the premises is not sufficient to defeat his suit for partition and drive him to an ejectment. (Barnard v. Pope, 14 Mass. 434 ; Miller v. Dennett, 6 N. H. 109 ; Lambert v. Blumenthal, 26 Mo. 471 ; 4 Greenl. Cruise, 256 ; Coxe v. Smith, 4 Johns. Ch. 271 ; Hosford v. Merwin, 5 Barb., S. C., 51.)

*H. N. Hart*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

Henry Chouteau, in October, 1853, by an indenture of lease demised to the four defendants and Eugene Fribourg, a lot of land in the city of St. Louis for the term of fifteen years from the first of January, 1851. The instrument is signed and sealed by all the parties to it, and on its face is made to the lessees in their individual names, and not as partners. By virtue of judgments recovered against Fribourg, all his interest in the premises was sold by the sheriff and purchased by S. A. Bennett, who conveyed to the plaintiff. The plaintiff then filed his petition for partition, in which he claimed that he was a tenant in common with the defendants of the demised premises for the remainder of the unexpired term, and was entitled to one-fifth part thereof. There is not an affirmative allegation in the answer, and the defendants did not in their answer set up any special matter as a defence, but only denied in general terms that the plaintiff had any right or interest in the premises, or that Fribourg had any at the date of the judgment and sale under which the plaintiff claimed.

The plaintiff at the trial proved every averment in his petition and on the pleadings was entitled to judgment, for the evidence given by the defendants, by which they sought to show that the lot was leased, improved, used and held as partnership property for the manufacturing of soda, and that Fribourg in equity had no interest in it at the date of the judgment and sale, was inadmissible against the plaintiff's objection, as no ground was laid in the answer for the introduction of such proof. (Winston v. Taylor, 28 Mo. 82.) As the lease was made to the defendants and Fribourg in their individual names, it must be regarded at law according to the legal title, and, *prima facie*, they held the estate conveyed by it as tenants in common. If, however, the lease was granted to the partners for partnership purposes and was treated and considered by them as a part of their partnership stock, it would be regarded for many purposes as personalty. But the doctrine that converts real estate into chattels is a creature of equity; (3 Kent, 68; Hoxie v. Carr, 1 Sum. 178;) and parties seeking to avail themselves of it are bound to set up the facts out of which the equity arises. (Magwire v. Vice, 20 Mo. 431.)

Although as between Fribourg and the defendants the leasehold might be considered a part of their partnership property, yet as there is nothing on the face of the lease to show that they held it in any other manner than as tenants in common, or to impress upon it any other character than such as the law imputes to it, the plaintiff will be entitled to Fribourg's apparent interest at the time of the judgment, unless it is shown that he had notice of the defendant's equity or circumstances from which notice might be fairly inferred. (Ford v. Herron, 4 Munf. 316; McDermott v. Lawrence, 7 Serg. & R. 438; Colly. on Part. § 135.)

Enough has been said to reverse the judgment, and it is therefore not necessary to consider whether the leasing of a small piece of land by five persons and the erection of a manufactory upon it, or what state of facts, would be sufficient to put a purchaser on inquiry and charge him with

constructive notice. The question may arise in another trial under a proper state of pleading, and it may be observed that many of the principles that belong to the whole subject will be found ably discussed by Mr. Justice Story in the case of Hoxie v. Carr, cited above.

The other judges concurring, the judgment will be reversed and the cause remanded.