IRWIN *et al.*, Plaintiffs in Error, v. CHILES, Defendant in Error.

1. A defendant can not introduce evidence to support a defence not set up in his answer. If the evidence discloses a defence not set up in the answer, the court may, in furtherance of justice and on such terms as may be fit, allow the defendant to amend his pleading so as to make it conform to the facts in proof, provided the amendment does not substantially change the defence.

*Error to Clay Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Ryland & Son*, for plaintiffs in error.

*Hovey* and *Sheley*, for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

This suit was commenced under the act of 1849, and having been tried without a jury, it was necessary that the court should find the facts on which its judgment was founded.

The plaintiff had recovered a judgment against Christopher L. Chiles in his lifetime, and the object of this suit was to subject to the payment of his judgment a tract of land which it is alleged in the petition was purchased by said Christopher of Henry T. Chiles. It is also alleged that said Christopher paid his own money for the land, amounting to three thousand dollars, but, for the purpose of cheating his creditors, and especially for the purpose of defeating the

plaintiff in the collection of his demand, which accrued before that time, caused the conveyance to be made to his son, Richard B. Chiles, the defendant, who was at that time a minor. The defendant, in his answer, claimed the land as his own, alleging that he had purchased it of Henry T. Chiles. He denied that his father "purchased or contracted for the land either directly or indirectly, or that the land was paid for with the money of Christopher L. Chiles, or purchased for his use either directly or indirectly." He further averred that being under age he advised with his father about the purchase, who was present a part of the time the negotiation was going on, but denied that the purchase was made with his father's money or that his father gave him the money or any part of it; that having been to California, he had by his own exertions made the money which paid for the land. The court found "that in the winter of 1849 and 1850, in the state of California, Henry T. Chiles sold to Christopher L. Chiles the above described land for the sum of three thousand dollars cash, and, upon payment of the purchase money, said Henry executed to said Christopher a title bond for said land, binding himself to make a deed to the same on their return to Missouri; that, upon the purchase of said land, the said Christopher agreed with the defendant that, in consideration that the defendant had made most of the money that paid for the land, and the further consideration that said defendant would return and assist said Christopher to return with his family to Missouri, that defendant should have said land. The court further finds that the defendant was at the time a young man not yet twenty-one years of age, and that his father had given him his time and dealt with and recognized him as an adult; that the defendant, while in California acting for himself with his father's consent, accumulated upwards of three thousand dollars, and that said land was purchased in fact with the money of the defendant, and that defendant did afterwards, in the spring of 1850, return with and assist his father to return with his family to Missouri, and that this agreement was not made

for the purpose of defrauding the plaintiff or any other creditor."

It is unnecessary to notice the evidence ; for, conceding that it was sufficient to warrant the finding, it is manifest that the finding was not made on the issues raised by the pleadings. The defendant did not pretend in his answer that he had purchased the property of his father, or had any agreement him on the subject, but on the contrary averred that his father did not make the purchase directly or indirectly, and insisted that he had made the contract and concluded the purchase himself directly with Henry T. Chiles without his father's means or agency.

It is settled by the decisions of this court that a defendant can not introduce evidence to support a defence not set up in his answer; (Winston v. Taylor, 28 Mo. 82 ; Cowden v. Cairns, 28 Mo. 471;) and a party is not entitled to a judgment on a finding of facts different from any theory of the case set up in the petition or answer. The judgment ought not to be grounded on a defence not made in the answer, and whenever a defence is disclosed by the evidence different from that set out in the answer, the court may, at any time, in furtherance of justice, and on such terms as may be just, amend any pleading by conforming it to the facts proved, provided the amendment does not substantially change the claim or defence. (2 R. C. 1855, § 3, p. 1253.)

Judge Scott concurring, the judgment will be reversed and the cause remanded.