FRANCIS P. CORBY, Appellant, *v.* JOHN W. WRIGHT, Respondent.

### November 13, 1877.

1. In an action upon a foreign judgment, the jurisdiction of the court by which the judgment was rendered may be enquired into.

2. Any service of process, lawful in the state in which it is made, even though not·personal, made upon one subject to the laws of the state and the territorial authority of the court, is sufficient foundation for a judgment, to which full faith and credit must be given. *Semble*, that service by publication would be insufficient where there was no appearance.

3. The trial court is not bound to permit an amendment to the answer, at the close of plaintiff's case, which substantially changes the defence.

4. Where a question to a witness upon the main fact in the case is general and

indefinite, and is objected to as incompetent and irrelevant, and the answer it elicited, and was manifestly intended to elicit, was merely hearsay, the objection is sufficient to save the point.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

J. D. JOHNSON, for appellant: Jurisdiction may be en-quired into in an action on a foreign judgment. — *Marks* v. *Fore*, 51 Mo. 69 ; *Eagar* v. *Stover*, 59 Mo. 85 ; *Thompson* v. *Whitman*, 18 Wall. 457 ; *Knowles* v. *Gas-light and Coke Co.*, 19 Wall. 59. The want of service may be shown by the record. — *Allen* v. *Blunt*, 1 Blatchf. 480 ; *Rangley* v. *Webster*, 11 N. H. 304 ; *The Commonwealth* v. *Blood*, 97 Mass. 538. Where the record shows no proper service, though had in accordance with the law of the State where judgment was rendered, it will be held that the court had no jurisdic-tion. — *Foote* v. *Newell*, 29 Mo. 400 ; *Lattimer* v. *Union Pacific R. Co.*, 43 Mo. 105. Unless it be reasonably prob-able that the service gave the defendant "notice of what was going on against him," it will not give the court juris-diction. — *The State* v. *Williamson*, 57 Mo. 197 ; *Rafe* v. *Heaton*, 9 Wis. 329 ; Cooley on Const. Lim. 404 ; *Fithian* v. *Monks*, 43 Mo. 515. Amendment of pleadings. — *Krech* v. *Pacific R. Co.*, 64 Mo. 174 ; *Turner* v. *Chillicothe & Des Moines R. Co.*, 51 Mo. 508 ; *Fischer* v. *Max et al.*, 49 Mo. 405 ; *Martin* v. *Martin*, 27 Mo. 229 ; *Millman* v. *Glasscock*, 42 Mo. 101 ; *Thompson* v. *Moseley*, 29 Mo. 477.

THOROUGHMAN & WARREN, for respondent : Judgments of foreign courts import absolute verity. — *Warren* v. *Lusk*, 16 Mo. 102 ; *Baker* v. *Stonebreaker*, 34 Mo. 176. Actual and constructive service. — *Sturgis* v. *Fay*, 16 Ind. 429 ; *Pigg* v. *Pigg*, 43 Ind. 117. Amendment of pleadings. — *Irwin* v. *Chiles*, 28 Mo. 576.

BAKEWELL, J., delivered the opinion of the court.

This is an action on a judgment rendered on May 17, 1858, against defendant, in favor of plaintiff, by the Circuit

Court of the United States for the District of Indiana, for
$1,677.99. The answer admits that the judgment was ren-
dered, but denies that the summons was returned duly
served by the marshal of the district, or that said judgment
was duly rendered; and says that the United States Circuit
Court had jurisdiction neither of the person of defendant
nor of the subject of the action, and that the judgment has
been paid and satisfied.

On the trial, plaintiff introduced in evidence a transcript
of the judgment sued on, which shows that the summons
was returned by the marshal, " served by leaving a copy of
the within summons at the last and usual place of residence
of the defendant, John W. Wright, that being his present
residence, this 25th day of January, 1858." The record also
shows that defendant did not appear, and that judgment was
entered against him by default. The Indiana statute in force
at the date of the service was introduced, and provides that
summons shall be served " either personally on the defend-
ant, or by leaving a copy thereof at his usual, or last, place of
residence." It is provided by act of Congress that the
mode of service of summons in the United States courts
shall be the same as that of the State in which the court is
held. Plaintiff then rested his case, and defendant offered
an instruction in the nature of a demurrer to evidence,
which was overruled. Defendant testified, in his own behalf,
that, in 1857, being indebted to plaintiff on settlement, he
turned over to plaintiff a claim for $915 against one Buck-
ingham, which plaintiff accepted, upon the agreement that
the Buckingham claim, if collected, should be in satisfaction
of the claim against defendant; if not collected, it was to
be reassigned to defendant. Defendant then moved to Kan-
sas, where he remained for nineteen months; and on his
return to Indiana he was told by plaintiff that he had re-
ceived nothing on the Buckingham claim, and had returned
to defendant's attorneys the order he had for the same, and
that he had obtained the judgment sued on herein. This,

defendant says, is the first intimation he had that he had been sued. Plaintiff then, on September 5, 1859, addressed to defendant this letter: "I write to request you to send me the copy of assignment of the claim you made in my favor against one Goodsall Buckingham. If I have this, I can settle up that part of the claim I hold against you; and, when done, will receipt to you for the same, in satisfaction of said judgment." Defendant again assigned the Buckingham claim to plaintiff, who then agreed to release defendant from the judgment now sued on, and to satisfy the same when he collected the Buckingham judgment. At this point defendant asked leave to amend his answer, so as to plead accord and satisfaction. On the objection of plaintiff this leave was refused. Defendant then offered evidence tending to prove that plaintiff subsequently collected the Buckingham claim; and also that defendant, at the time of service of summons in the action in the United States Circuit Court, was a resident of Kansas, and not of Indiana.

Plaintiff, in rebuttal, testified that when he received the order for the Buckingham judgment it was looked upon as a very doubtful claim, and defendant would not, or could not, prosecute it to collection; that he agreed to credit the net amount received on the judgment against defendant, and did so (the amount being $950) in October, 1865. Plaintiff then offered evidence tending to prove that defendant, when served, was a resident of Logansport, Indiana.

Francis Smith, sworn on behalf of plaintiff, testified that in January, 1865, he was a deputy United States marshal for the district of Indiana, and that he served the summons in the original suit. The following question was asked: "Where and how did you serve the summons?" Defendant objected, on the ground that it was incompetent, irrelevant, and immaterial. The court overruled the objection, and defendant excepted. The witness was permitted to answer as follows: "I served the summons by leaving a copy of

the same at what I was informed was then the residence of Judge Wright, the defendant, in the city of Logansport, Indiana, with a man who was in the house at the time, and who received it, and as stated in my return on the summons. I arrived in Logansport about dusk in the evening of January 25, 1858, and stopped at the Barrett House, and from there went to the house I was informed was the residence of Judge Wright, and there asked of the person who came to the door if that was Judge Wright's residence ; and being given to understand — I don't remember the exact language — that it was, I asked for Judge Wright, and was told he was not in. I delivered the summons, read and explained what it was, — a summons to the United States Court for Judge Wright. The man received it. I don't know whether he said any thing or not. What the reply was I could not say with any certainty now.'' Witness also said that it was not the defendant whom he saw at the house ; that the house was a wooden building, fronting north and west, standing on a corner, three or four squares *north-west* from the Barrett House.

W. H. Cost, for plaintiff, testified that defendant's house was situated three or four squares *north-east* from the Barrett House.

The court, at the instance of plaintiff, gave the following instructions, to which defendant excepted :

" 1. If the jury believe from the evidence that on January 25, 1858, the defendant was a resident of the State of Indiana, and that a copy of the summons in the action in favor of plaintiff against defendant in the Circuit Court of the United States for the District of Indiana, in the petition mentioned, was left at the last and usual residence, in said State, of the defendant, then said court thereby acquired jurisdiction of said defendant in said action, and had jurisdiction of said action.

" 2. Although the jury may believe from the evidence that the defendant, on January 25, 1858, contemplated

changing his residence from said State of Indiana, and had previously thereto left the State to make arrangements for such removal; yet if they further believe from the evidence that he subsequently returned to his residence in said State, and did not in fact remove, with the intention of changing his domicile permanently, until after said date of return, then he still remained, within the meaning of the law, a resident of Indiana, up to the time of such removal with intent to transfer his residence.

" 3. If the jury find from the evidence that, since the recovery of the judgment sued on, the plaintiff recovered a judgment against one Corwine, or other, upon a claim assigned to him by defendant, and has acknowledged satisfaction of said judgment upon the record, then defendant is entitled to be credited with the amount so entered satisfied at the date of such satisfaction, unless they believe from the evidence that it was agreed by the defendant with plaintiff that only the amount actually received by the plaintiff thereon should be so accredited, in which case the amount the jury find from the evidence was so received by plaintiff should be credited, at the date of its receipt, upon the judgment sued on. And in no case can the jury allow a credit of any sum in excess of the amount for which satisfaction was so entered by, or on behalf of, the plaintiff.

" 4. The jury are further instructed that the plaintiff is entitled, if they find in his favor, to interest upon said judgment from the date of its rendition, deducting any payment or credit which they may find from the evidence to have been made thereon, at the rate of six per cent per annum."

The defendant asked the court to give the following instruction, which it refused, and defendant excepted:

" The jurors are further instructed that, if they believe and find from the evidence that the plaintiff, after the rendition of the judgment sued on in this case, accepted from defendant an assignment of a claim amounting to about $900, owing to defendant by Messrs. Corwine, Hays,

and Rogers, upon the condition that, if said claim against said parties was paid to, or was collected by, plaintiff, that said assignment and collection should operate and be a satisfaction and payment of the judgment sued on, and they believe and find, further, that plaintiff afterwards collected the amount of said claim from the said Corwine, Hays, and Rogers, or either of them, then they must find a verdict for the defendant."

On behalf of defendant the court gave the following instruction:

"The jurors are instructed that, if they believe and find from the evidence that the summons issued in the case in which the judgment sued on was rendered was not served, either personally on the defendant or by leaving a copy thereof at his usual or last place of residence within the State of Indiana, then they must find a verdict for the defendant, even though they may find that defendant at the time of such service still resided in said State."

The court, upon its own motion, gave the following instruction, to which defendant excepted:

"The court instructs the jury that if the defendant, J. W. Wright, prior to the 25th day of January, 1858, removed from the State of Indiana, with the intent to leave and abandon said State permanently; that he removed to, and became a resident of, the State of Kansas, and at said date was not residing in the State of Indiana, then you will find for the defendant."

There was a verdict and judgment for plaintiff, and defendant appeals.

The vexed question as to whether the record of a judgment rendered in another State may be contradicted as to the facts necessary to give the court jurisdiction is now, perhaps, settled. It was formerly held, both by the Supreme Court of the United States and by the Supreme Court of Missouri, that the record of a judgment of a sister State imported absolute verity; but *Christman* v. *Russell*

and *Warren* v. *Lusk* are now overruled, and it is held by both tribunals that want of jurisdiction as to the subject-matter or the person may be shown, though the record may recite facts necessary to give the court jurisdiction. *Thompson* v. *Whitman*, 18 Wall. 457 ; *Eager* v. *Stover*, 59 Mo. 88.

The validity of every judgment depends upon the authority which the court possessed over the subject of its adjudication ; and it is, therefore, competent for every tribunal, when a judgment is produced before it as the foundation of an action, to enquire into the jurisdiction of the court by which it was rendered ; and if it appear on the face of the proceedings that the court had no jurisdiction, its judgment must be regarded as a nullity. The extra-territorial effect of a judgment procured against a person in the State of his domicile, where he has not appeared to the action and has not been personally served with process, is a question as to which the courts of the different States are not in accord. The weight of authority is, however, altogether in favor of the view that each State has the right to declare how its citizens, or those domiciled within its borders, and who, enjoying the protection of its laws, are bound to obey them, may be brought before the courts ; that the means thus provided must not be disregarded by other States ; and that a service of process lawful in the State in which it is made, even though not personal, made upon one subject to the laws of the State and the territorial authority of the court, is sufficient foundation for a judgment, to which full faith and credit must be given in all the States of the Union. Freem. on Judg., sec. 570, and cases cited. We suppose, however, that an action could not be maintained in the courts of this State upon a judgment rendered in another State against a defendant not within the jurisdiction of the court by which it was rendered, and who appeared to have been made a party by mere publication in a newspaper, and who has in no way appeared or defended the suit.

It is contended by appellant, in the present case, that the Circuit Court had no jurisdiction of the person of defendant, because the record shows a merely constructive service of the summons. The record, it is true, does not show personal service; but it shows a service almost identical with that prescribed by our own statute on the subject; and this form of service is not regarded as constructive, but as actual, service in the State in which it was made. In Indiana it is held that when a copy of the summons, regularly issued by the proper clerk against one who is a resident of the State, is left by the officer charged with the service of such summons at the place of residence of such person, the service is not constructive, but actual. *Sturgis* v. *Fay*, 16 Ind. 429. It is true that in Missouri such a service would be void unless left with some member of the family over fifteen years of age. But it seems reasonably probable that a party defendant will be apprised of what is going on against him by the summons being left at his house, as in this case, in the hands of one who opens the door in answer to the knock, and who may or may not have been a member of the family. We cannot refuse to give faith and credit to the judgments of courts of a sister State because her statute as to the mode of service is not identical with our own, when actual service in compliance with the law of that State is shown, and a service as likely to bring home actual notice to the defendant as that prescribed by our own law.

The answer sets up that the judgment has been fully paid and satisfied since its rendition. The jury did not so find, and the evidence supports the verdict in this respect. But defendant, after the trial had begun, asked leave to file an amended answer setting up accord and satisfaction. Where the evidence discloses a defence not set up in the answer, the court may, in furtherance of justice, and on terms, allow defendant to amend his pleading so as to make it conform to the facts in proof. *Irwin* v. *Chiles*, 28 Mo.

576. But where the proposed amendment substantially changes the defence, the court is not bound to permit the amendment. We think that it would have been unjust to plaintiff, under the circumstances of this case, to allow the amendment to be made. If defendant seriously contended that the Buckingham judgment was assigned and received in full satisfaction of the judgment sued on, he should not have waited to say so until plaintiff had closed his case.

It is apparent that the main question in this case is that of the residence of defendant at the time of the service of summons in the original action. If Wright was not at that date a resident of Indiana, the Circuit Court had no jurisdiction, and this action cannot be maintained. The question asked the witness Smith as to where and how he served the summons was objected to by defendant, as incompetent, irrelevant, and immaterial. This witness was the deputy marshal who served the summons; he was put on the stand by plaintiff to rebut the testimony of defendant to the effect that the plaintiff resided in Kansas when the summons was served. The witness answered, as might be expected, that he served the summons at the house pointed out to him in Logansport as the actual residence of defendant. The fact in controversy was not whether persons in Logansport said that defendant's residence was there, but whether it was so in fact. The answer was, therefore, objectionable as being hearsay testimony, and it was calculated to prejudice the main point of the defence in the cause. It is contended that this point is not saved by appellant because the testimony was not objected to as hearsay. We think, however, that the grounds of objection to the question were stated specifically enough to save the point. If the question objected to fail to indicate to the court sufficiently the precise character of the testimony sought to be elicited, it is usual for the court to require some statement of its scope and nature, that the court may form a definite opinion whether it is competent and material. Where the

question is general and indefinite, it may be unfair to the opposite side to allow it to be answered. As in the present instance, when the question was answered, which was done in a breath, the mischief was effected. The question was properly objected to for the specific reasons stated; and the answer which it elicited, and must have been intended to elicit, so far as it was not a mere restatement of what was said in the return of the officer, was merely hearsay.

For the error committed by the trial court in permitting this incompetent testimony to go to the jury, the judgment must be reversed and the cause remanded. All the judges concur.