THE STATE OF MISSOURI *ex rel.* F. E. GORDON, Public Administrator, Appellant, v. L. N. KENNEDY *et al.*, Respondents.

**Kansas City Court of Appeals, January 24, 1898.**

1. **Administration:** PUBLIC ADMINISTRATOR: RESIGNATION: STATUTES.  A public administrator may, after the expiration of the term of his office, continue to administer estates in his hands, but upon his resignation and the appointment of his successor his functions cease and he should settle and turn over assets to his successor.

2. ———: ———: REFUSING TO ADMINISTER ESTATE.  A public administrator has no authority to refuse to enter upon or to continue the administration of an estate which by law he should administer.  He can not retain the office and yet choose for himself which of his duties he will perform.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*M. T. January* for appellant.

(1) Public administrators are elective officers (R. S. 1889, sec. 296) and may resign at will.  *State ex rel. v. Bus,* 135 Mo. 325.  (2) The governor of the state has the power and it is his duty to fill by appointment vacancies in elective offices.  R. S. 1889, sec. 4705.  (3) "The probate court may at any time for good cause shown order the public administrator to account for and deliver all money, property or papers belonging to any estate in his hands to his successor in office."  R. S. 1889, sec. 305; *State ex rel. v. King,* 76 Mo. 510.  (4) And a failure to comply with such

order is a breach of the bond, giving a right of action to the succeeding public administrator. *State ex rel. v. King, supra.* (5) Resignation of the office of public administrator divests him of all control of estates in his hands except to account to his successor. R. S. 1889, sec. 301.

*J. B. Johnson* for respondents.

(1) A public administrator and his sureties shall have the same powers as are conferred upon and be subject to the same duties, penalties, provisions and proceedings as are enjoined upon or authorized against executors and administrators, guardians, etc., so far as the same may be applicable. R. S. 1889, sec. 300. (2) When a public administrator has been appointed to take charge of an estate he shall continue the administration until finally settled, unless he resigns, dies, is removed for cause, or is discharged in the ordinary course of law as the administrator. R. S. 1889, sec. 301. (3) If any executor or administrator shall publish for four weeks in some newspaper published in the county where the proceedings are had, etc., a notice of his intention to apply to the proper court to resign his letters and the court on proof, etc., and for good cause shown, believe that he should be permitted to resign it shall so order. R. S. 1889, sec. 43.

ELLISON, J.—Defendant L. N. Kennedy was public administrator of Vernon county. Before the expiration of his term he resigned his office STATEMENT. and the governor appointed relator in his stead. While Kennedy was in office he had regular charge of the estate of Mary E. Truax. Afterward, on the order of the probate court, Kennedy made his final settlement with the probate court in which there was

a balance found due the estate of more than $1,600. This sum the court ordered him to turn over to relator, his successor in office. He failed to do so after demand and relator instituted the present action on his bond, the other defendants being his sureties. The circuit court gave judgment for defendants on the ground that relator did not have legal charge of the estate, holding that Kennedy had not resigned *as administrator of the estate*. The relator asked and the court refused to give the following instruction:

"4. If the court finds from the evidence that the estate of Mary E. Truax, deceased, was ordered into the hands of L. N. Kennedy, as public administrator, by the probate court of Vernon county, and that said Kennedy took charge of and proceeded to administer the same after executing the bond in suit, and that said Kennedy afterward, to wit, about July, 1896, sent to the governor of Missouri his resignation as such public administrator and the same was accepted and relator, F. E. Gordon, was by said governor appointed public administrator of said county, and that he duly qualified; and that afterward said Kennedy made his turnover settlement in said probate court in said estate and was ordered to turn over to his successor, and that he has failed and refused, after demand, to pay to his said successor the amount found to be due said estate, the finding and judgment should be for plaintiff."

The court gave for defendants the following instruction:

"1. The court declares the law to be that F. E. Gordon did not have legal charge of the estate of Mary E. Truax as public administrator, the former administrator never having resigned as administrator of said estate, and therefore this suit can not be maintained at the relation and to the use of said Gordon."

We are of the opinion that relator's instruction should have been given and defendants' refused. It appears that the view taken by the circuit court was that Kennedy should have resigned as administrator of the estate as a private administrator does, and that such resignation was not accomplished by a resignation of his office and a final or turnover settlement. STATUTES. In relation to private administrators it is provided by section 43, Revised Statutes 1889, that any executor or administrator may "resign his letters" for good cause shown the court and on a notice to that effect published for four weeks. But we do not think that section applies to public administrators. The following sections, relating to public administrators, are thought to bear upon the subject:

"SEC. 300.—Additional Powers, Duties and Remedies.—In addition to the provisions of this article, he and his securities shall have the same powers as are conferred upon, and be subject to the same duties, penalties, provisions and proceedings as are enjoined upon or authorized against executors and administrators, guardians and curators by this chapter, so far as the same may be applicable. He shall have power to administer oaths and affirmations in all matters relating to or belonging to the exercise of his office. (R. S. 1879, sec. 307, amended; L. 1885, p. 28, amended.)

"SEC. 301.—To Continue in Charge of Estates Until Discharged, etc.—When a public administrator has been appointed to take charge of an estate, he shall continue the administration until finally settled, unless he resigns, dies, is removed for cause, or is discharged in the ordinary course of law as the administrator. (R. S. 1879, sec. 309, amended)."

"SEC. 305.—Court May Order Him to Account to Successor, When.—The probate court may at any

time, for good cause shown, order the public adminis-
trator to account for and deliver all money, property
or papers belonging to any estate in his hands to his
successor in office, or to the heirs of said estate, or to
any executor or administrator regularly appointed, as
provided by law. (R. S. 1879, sec. 313.)"

We are of the opinion that the true meaning of the
statute is that a public administrator continues to ad-
minister estates in his hands even after
the expiration of his term of office, unless
he dies, resigns his office, is removed, or
is otherwise discharged according to law. In this
case, as before stated, Kennedy resigned his office, his
resignation was accepted by the governor and his suc-
cessor appointed. He thereby became incapacitated
to further administer estates in his hands and his
duties devolved upon his successor. His functions as
administrator ceased as effectively as if he had been
removed from office. The express provision of the
statute is that he shall continue the administration
*"unless he resigns."*

But it has been suggested that the word "resigns"
has reference to his resigning his appointment by the
probate court to take charge of a particu-
lar estate. Such is not the meaning of
the statute. A public administrator has
no authority to refuse to enter upon or to continue an
administration which by law should be administered
by him while he holds the office. If he retains the
office he must perform its duties as any other officer in
whom trust and confidence is reposed. If he could re-
tain the office and yet have power to resign at his own
option from the administration of any particular
estate, it would give him the right, instead of the law
itself, to say what class of estates should be adminis-
tered by the public administrator. He ought not to be

allowed to retain the office and yet choose for himself which of the duties of that office he will perform.

The judgment is reversed and the cause is remanded. All concur.