THE STATE ex rel. GORDON v. KENNEDY et al.,
Appellants.

Division One, June 12, 1901.

1. **Curator's Bond:** FINAL SETTLEMENT: NOTICE: CONSTITUTIONAL STATUTE. The final settlement and order of the probate court, showing that the public administrator as curator of a minor's estate was indebted thereto, is properly admitted in evidence in a suit by his successor against him and his bondsmen for judgment thereon for his failure to turn over the balance shown by such final settlement to be due such minor's estate. Nor are the statutes, which hold the sureties conclusively bound by such final settlement, unconstitutional and void because they do so without providing for any notice to them of the judicial proceedings resulting in the final settlement, judgment and order to turn over the balance due.

2. ———: ———: RESIGNATION. Where a public administrator resigns as such and his successor is appointed, he thereby resigns as public curator exofficio of the estate of a minor, and he is thereby deprived of the future management of the estate.

3. ———: ———: EXTENT OF LIABILITY. Where the suit is against the principal and sureties on a public administrator's bond, and all join in the same answer which is a general denial, the court should refuse an instruction to the effect that the bondsmen are not liable

State ex rel. v. Kennedy.

for the money wasted by him before the execution of the bond, because to do so would be to permit the defendant sureties to set up a separate and independent defense not within the issues or the pleadings.

4. ————: PUBLIC ADMINISTRATOR: RE-ELECTION: NEW ORDER. A public administrator, who by virtue of his office has become public guardian and curator of a minor's estate, by virtue of his re-election to that office becomes his own successor as the guardian and curator of such estate without any special or renewal order from the probate court, after his re-election, to take or continue in charge thereof.

Appeal from Vernon Circuit Court.—*Hon. Chas. G. Burton,* Special Judge.

AFFIRMED.

*J. B. Johnson* for appellants.

(1)  Sections 305, 5329, 5330 and 5331, Revised Statutes of 1889, are void and unconstitutional as to these sureties, as being in contravention of section 30, article 2, of the Constitution of Missouri in that the sureties are sought to be held conclusively bound by judicial proceedings of which they had no notice.   Jones v. Yore, 142 Mo. 38.   (2)   F. E. Gordon can not maintain this action for the reason that Kennedy had never resigned as guardian of this estate.   His resignation of his office as public administrator did not work a resignation as guardian of this estate, nor deprive him of the management of the same.   Secs. 43, 293, 294, 3534, R. S. 1899.   (3) The sureties in the second bond are not liable for losses occurring before the execution of the said bond and during the first term of office, and Kennedy's testimony should not have been stricken out.   State ex rel. v. Jacobs & Elliott, 57 S. W. 1087. (4)   The sureties on the second bond are not liable for any

defalcation in estates taken charge of by Kennedy during his first term, as his first bondsmen are alone liable unless they were ordered into his hands after his re-election.    Sec. 294, R. S. 1899; Laws 1857, p. 3, sec. 4; Sec. 3536, R. S. 1899; Murney v. State to use Vance, 13 Mo. 7; Throop on Public Officers (1892 Ed.), sec. 213.    (5)    It is well-settled law that the obligations of sureties are to be strictly construed and their liabilities are not to be enlarged by implication.    They are bound exactly to the extent of their agreement and no further.    Titman v. Green, 108 Mo. 33; Harrisonville v. Porter, 76 Mo. 358.

*M.. T. January* for respondent.

(1)    "The probate court may at any time, for good cause shown, order the public administrator to account for and deliver all money, property or papers belonging to any estate in his hands, to his successor in office."    R. S. 1899, sec. 298; State ex rel. v. King, 76 Mo. 510.    And failure to comply with such order is a breach of the bond, giving a right of action to the succeeding public administrator.    (2)    Resignation of the office of public administrator divests him of all control of estates in his hands, except to account to his successor.    R. S. 1899, sec. 294; State ex rel. v. Kennedy, 73 Mo. App. 384. (3)    Sureties on the bond of a curator are not entitled to notice of the final or turn-over settlement of their principal. Therefore, section 3529, Revised Statutes 1899, is not unconstitutional in failing to provide for such notice.    State ex rel. v. Donegan, 12 Mo. App. 190; s. c., 83 Mo. 374.    (4)    The sureties of an administrator or curator stand in privity with him.    The judgment of the probate court, or any court having jurisdiction against an administrator or curator on final settlement, is *res adjudicata* as to the sureties and can only be at-

tacked on the ground of fraud in the procurement of the judgment. State ex rel. v. Bilby, 50 Mo. App. 162; State v. Holt, 27 Mo. 340; Dix v. Morris, 66 Mo. 514; State ex rel. v. Creusbauer, 68 Mo. 254; Judge of Probate v. Sulloway, 49 L. R. A. 347; Stovall v. Banks, 10 Wall. 583. (5) Under any theory of the law, these bondsmen are liable for all money of the estate coming into the hands of Kennedy during his second term. That the judgment is excessive, is not set out in the motion for a new trial. Ingrams v. McCombs, 17 Mo. 558; State to use v. McCormack, 50 Mo. 568.

BRACE, P. J.—At the general election in November, 1888, the defendant, L. N. Kennedy, was elected public administrator and ex-officio public guardian and curator, of Vernon county, duly qualified and entered upon the discharge of his duties as such. On January 30, 1890, under an order of the probate court of said county he took charge of the estate of Morton E. Torbert, a minor. By his second annual settlement of that estate, made at the October term, 1892, of said court, it appeared that there was a balance due from him to the estate of said ward of $876.29. At the ensuing general election in November, 1892, he was re-elected and duly commissioned and thereupon, with his co-defendants as his sureties, entered into bond in the sum of $15,000, conditioned for the faithful discharge of his duties as public administrator according to law. By his next settlement made in April, 1894, in the probate court, it appeared that a balance of $1,652.82, was due from him to the estate of said ward.

In July, 1896, the said Kennedy resigned his office and the relator, Frederick E. Gordon, was duly appointed his successor and qualified as such.

Afterwards, on the eighth of October, 1896, the said Ken-
Vol 163 mo—33

nedy filed his account for final settlement with the probate court of said estate, and the court found there was a balance of $1,549.78 due from him to said estate, and he was ordered to pay over the same to his successor, the relator. Having failed to do so, after demand made, this suit was instituted against him and his sureties on his bond aforesaid. The petition is as follows:

"The State of Missouri, as plaintiff, suing at the relation and to the use of Frederick E. Gordon, public administrator of Vernon county, Missouri, and ex-officio public guardian and curator of said county and State, for cause of action states that said Frederick E. Gordon is the duly appointed, qualified and acting public administrator of said county; that on or about the eighth day of November, 1892, defendant L. N. Kennedy, was duly elected public administrator of the county and qualified as such; that on the twelfth day of November, 1892, said L. N. Kennedy as such public administrator with himself as principal, and defendants, Joseph Nipp, B. S. M. Clack and A. E. Forderhase as sureties, entered into a bond to the State of Missouri in the penal sum of fifteen thousand dollars (a certified copy of which said bond is herewith filed) conditioned as follows: That whereas, the said L. N. Kennedy was duly elected on the eighth day of November, 1892, public administrator of said Vernon county, Missouri, and commissioned by the Governor of the State of Missouri as such public administrator on the twelfth day of November, 1892. Now, if the said L. N. Kennedy shall well and faithfully discharge his duties as such public administrator according to law, then this bond is to be void; otherwise to remain in full force and effect. That by virtue of his office aforesaid, said L. N. Kennedy became curator of the estate of Morton E. Torbert, a minor, and received into his possession and charge the money and property of said minor; that on or about the ———— day of July, 1896,

said L. N. Kennedy resigned his office of public administrator and Frederick E. Gordon, relator herein, was duly appointed his successor and qualified and is now acting as such as aforesaid; that at the July term, 1896, of the probate court said L. N. Kennedy duly filed his turn-over settlement in the estate of said minor, Morton E. Torbert, and it was ascertained, found and adjudged by the said probate court that said L. N. Kennedy was indebted to said estate in the sum of $1,549.78, and said sum was ordered turned over to Frederick E. Gordon, public administrator as aforesaid. Plaintiff says that defendant Kennedy has failed and refused to pay over said sum or any part thereof, by reason whereof he has committed a breach of his bond, and defendants have become indebted to plaintiff in the sum aforesaid. Wherefore, plaintiff prays judgment against defendants in the penal sum of said bond, to-wit, the sum of fifteen thousand dollars, and that execution issue for the damages as aforesaid, to-wit, the sum of $1,549.78, with interest thereon from the thirteenth day of July, 1896, and for the costs of this suit."

The answer of the defendants was a general denial. The case was tried by the court without a jury, the judgment was for the plaintiff for the penalty of the bond, with award of execution for the sum of $1,745.95, the amount of the damages found against the said Kennedy and defendants Nipp and Forderhase, two of the sureties on said bond, the same having been dismissed as to Clack, the other surety thereon. From this judgment the said defendants, Nipp and Forderhase, appeal.

(1) On the trial the appellants objected to the introduction in evidence of the final settlement of the probate court with Kennedy and its order thereupon, and at the close of the evidence renewed their objection thereto by asking the court to declare the law to be "that sections 305, 5329, 5330 and 5331 of the Revised Statutes of 1889, are, as to the defendants sure-

ties, unconstitutional and void, as being in conflict with section 30 of article 2 of the Constitution of the State of Missouri," and assign as error the refusal of the court to so declare. The point made being that thereby "the sureties are sought to be held conclusively bound by judicial proceedings of which they had no notice."

By section 5336, Revised Statutes 1889, it is provided that "the public administrator shall be ex-officio public guardian and shall have charge of all estates of minors that may, by order of the probate court, be placed in his charge." And by section 300, Ib., it is provided that "he and his sureties shall have the same powers as are conferred upon, and be subject to the same duties, penalties, provisions and proceedings as are enjoined upon or authorized against executors, administrators, guardians and curators by this chapter, so far as the same may be applicable." Now, while by section 305, it is provided that "the probate court may at any time, for good cause shown, order the public administrator to account for and deliver all money, property or papers belonging to any estate in his hands to his successor in office, or to the heirs of said estate, or to any executor or administrator regularly appointed, as provided by law," and by section 5329, it is provided "that guardians and curators shall make final settlement of their guardianship or curatorship upon cessation of their authority, whether by revocation, resignation or the majority of their wards, or the marriage of female wards," .... and prescribes the manner in which such settlements shall be made, yet neither of these sections provide for notice of such settlements to the sureties on the bonds of such public administrator, guardian and curator. Neither do they undertake in any manner to fix or determine the liability of the sureties upon such bond, and it is not possible that they can be obnoxious to the constitutional provision cited. And while by section 5330 and 5331, summary pro-

ceedings in the probate court for the enforcement of such orders of that court upon such settlement, against the administrator and the sureties upon his bond, are provided, an inquiry into the constitutionality of those sections and the proceedings thereunder in this action on the bond in the circuit court, is not called for, and would be out of place. The court committed no error in admitting the settlement and order of the probate court in evidence, and in refusing to declare said section of the statute unconstitutional and void as asked by the appellants.

(2) The appellants' next contention is that the relator can not maintain this action for the reason that Kennedy never resigned as guardian of this estate; that "his resignation of his *office* as public administrator did not work a resignation as guardian of this estate, nor deprive him of the management of the same."

This contention is based on section 301, Revised Statutes 1889, which provides that "when a public administrator has been appointed to take charge of an estate, he shall continue the administration until finally settled, unless he resigns, dies, is removed for cause, or is discharged in the ordinary course of law as the administrator."

This section is, of course, to be read in connection with section 305, supra, and was properly construed by the Kansas City Court of Appeals in an action between these parties upon this same bond (State ex rel. v. Kennedy, 73 Mo. App. 384), in which it was held that "a public administrator continues to administer the estate in his hands even after the expiration of his term of office, unless he dies, resigns his office, is removed, or is otherwise discharged according to law. In this case, as before stated, Kennedy resigned the office, his resignation was accepted by the Governor and his successor appointed. He thereby became incapacitated to further administer estates in his hands and his duties devolved upon his successor. His

functions as administrator ceased as effectively as if he had been removed from office. The express provision of the statute is, he shall continue the administration *'unless he resigns.'*" That the word "resigns" has reference to his office as public administrator, and not to his appointment by the probate court to take charge of a particular estate, is then satisfactorily demonstrated by that court. The trial court committed no error in refusing appellant's second declaration of law upon which this contention is based.

(3)   On the trial, the appellants introduced Kennedy as a witness, whose evidence tended to prove that at the time of his re-election, and the execution of the bond sued on, he had in his hands only about $200 of the moneys belonging to the estate of his ward Torbert. That the remainder of the $876.29 shown to be due that estate by his settlement made at the October term, 1892, of the probate court had been wasted by him before the execution of the second bond sued on. On motion of plaintiff, this evidence was stricken out, and at the close of all the evidence the court refused the following declaration of law, asked for by appellants: "The court declares the law to be that the defendants sureties are only liable for such sums as came into Kennedy's hands in said Torbert estate and by him wasted after the execution of the second bond, for his second term of office."

The action of the court in this behalf is assigned as error. There is but one answer in the case, in which all the defendants joined, and it is simply a general denial of the allegations of the petition. The appellant sureties by this evidence and instruction sought to set up a separate and independent defense not within the issues of the pleadings, and the court committed no error in refusing to entertain it, under the well-settled rule that a defendant can not introduce evidence in support of a defense not set up in the answer, and resting upon facts not

included in the allegations of the petition. [Irwin v. Chiles, 28 Mo. 576; Northrup v. Miss. Valley Ins. Co., 47 Mo. 435; State ex rel. v. Creusbauer, 68 Mo. 254; Kersey v. Garton, 77 Mo. 645; Hudson v. Railroad, 101 Mo. 13.]

(4) By virtue of his re-election and qualification in pursuance thereof, Kennedy became his own successor, not only as public guardian and curator, but as guardian and curator of the estate of the minor Torbert, and there was no necessity of a special order of the probate court, after his re-election, to take charge of that estate in order to charge him and the sureties on his bond as such successor.

We find no error in the rulings of the circuit court for which the judgment should be reversed. It is therefore affirmed.

All concur.