ZADOCK HOOK, ADMINISTRATOR OF McCLURE, Respondent, v. JAMES L. CRAIGHEAD, Appellant.

*Equity—Mistake.*—A court of equity will reform an instrument which, by reason of a mistake, fails to execute the intention of the parties, as well upon an equitable defence set up in an answer, as in a suit brought directly for that purpose. (Leitensdorfer v. Delphy, 15 Mo. 160. Affirmed.)

*Appeal from Callaway Circuit Court.*

*H. C. Hayden,* for appellant.

There is but one point presented by the record for the opinion of this court: Whether a mistake in a title bond for the conveyance of real estate can be reformed and corrected, and a specific execution be decreed of the contract so reformed? The point, however, which is attempted to be raised by the motion, is: Whether parol evidence can be admitted to prove a variation by mistake in a written contract, required by the statute of frauds to be in writing, when offered by a party seeking a specific execution of the contract? Although this point is not properly raised by motion, as the allegations in the answer might be supported as well by written as oral evidence, yet, as the issue, if the cause is reversed, will be supported by oral testimony, such should be the essential point for adjudication. It is admitted that there seems to be a distinction in the English equity law between the admission of oral testimony, on behalf of a plaintiff seeking to show a mistake, and to have the mistake corrected and specific performance of the contract so reformed, and on behalf of a defendant resisting a specific performance—it being excluded when offered by the plaintiff, and admitted when offered by the defendant. Such is the law as declared in the case of Wollam v. Hearn, 7 Vesey, 211; 15 Vesey, 516; 1 Sch. & Lef. 38, 39. This doctrine has not met with approbation in this country. It is condemned by Judge Story, who says that "it is extremely difficult to perceive the principle upon which such decision can be supported consistently with the acknowledged exercise of jurisdiction in the court to reform written contracts and to decree relief therein." (1 Sto. Eq. § 161; Keisselbrack v. Livingston, 4 Johns. Chy. 148; Gillespie v. Moon, 2 Johns. Chy. 585 [cited by Gamble, J., in Leitensdorfer v. Delphy, 15 Mo. 167]; Brown v. Lynch, 1 Paige, 147; 3 Paige, 313; 6 Paige, 347; Smith v. Greeley, 14 N. H. 378; Peterson v. Grover, 20 Me. 363; Governeur v. Titus, 1 Edw. 477; Flagler v. Pleiss, 3 Rawle, 345; Wood-

son v. Haviland, 18 Conn. 101; Taylor v. Luther, 2 Sumn. 228, cited and approved in Johnson v. Huston, 17 Mo. 61.) In the case of Johnson v. Huston (17 Mo.), the case of Leitensdorfer v. Delphy (15 Mo. 167) is approved, and the following language is used: "A party to an instrument may, by parol evidence, show a mistake, as well when he is a defendant resisting the enforcement of the contract, as in a direct proceeding to reform it and correct the mistake." (17 Mo. 62.) The reason assigned for the distinction between the admission of such evidence on behalf of a defendant resisting a specific performance, and its rejection when offered by a plaintiff seeking it, seems to surrender the entire point in controversy, because in both instances the oral testimony is admitted to vary the contract; and the same policy which would render its admission proper to prevent injustice in the one case, should likewise render it admissible in the other; for, surely, if there is no remedy in equity for a plaintiff standing in such a predicament, there would be none at law, and he would, therefore, be remediless. Such a rule of discrimination in a court of equity, between parties litigant, would subject it to the reproach of partiality, and that justice was not weighed in even scales. It will be observed, also, that the case of Wollam v. Hearn, 7 Vesey, 211, regarded as the leading case on this subject, equally applies to the case of *fraud.*

BATES, Judge, delivered the opinion of the court.

This is a suit originally brought by McClure, in his lifetime, upon a promissory note made by the defendant to the plaintiff's intestate. The defendant, by answer, admitted the execution of the note, upon which some payments had been made, and alleged that the consideration of the note was the purchase by the defendant, from McClure, of a lot in the town of Fulton, for the conveyance of which McClure gave him a title bond, conditioned that the conveyance should be made upon payment of the note; that, by error and mistake, the lot was improperly described in the bond; that he

had tendered to McClure full payment of the note, and demanded a conveyance of the lot, which had been refused; and that he had paid into court the balance due on the note, subject to the order of the court in this cause; and praying that the mistake in the bond be corrected so as to conform to the contract between him and McClure; that the heirs of McClure be made parties, and that the title to the lot be passed from them, and vested in him, the defendant.

The plaintiff moved that the answer be stricken out, for the reason that it contains no answer to the plaintiff's action. The court sustained the motion, struck out the answer, and gave judgment for plaintiff, from which judgment the defendant appealed to this court.

In the case of Leitensdorfer v. Delphy, 15 Mo. 160, it is stated that the power of a court of equity to reform an instrument which, by reason of a mistake, fails to execute the intention of the parties, is unquestionable. In this case the defendant could set up an equitable defence or counter-claim; and the matters shown in the answer are such as, in a separate suit brought by the defendant, would require a court of equity to decree the reformation of the contract, and specific execution and performance of the contract so reformed. No reason is perceived why the court having jurisdiction of the whole subject, should not exercise it so as to do complete justice between the parties and put an end to the litigation.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.