## CLARK v. ST. LOUIS TRANSFER RAILWAY COMPANY, *Appellant.*

### Division Two, March 5, 1895.

1. **Deed**: REFORMATION: MISTAKE. A deed will not be reformed on the ground of mistake in describing the land intended to be conveyed, unless the mistake was mutual and the evidence to show it most clear and convincing.

2. ——: ——: ——. A mere preponderance of the evidence is insufficient.

3. **Appellate Practice**: INSTRUCTIONS: WAIVER. Where no instructions or declarations of law are asked or given in cases triable by jury, the findings and judgment of the trial court on the evidence will not be reviewed on appeal.

4. **Practice**: ANSWER: AMENDMENT. An amendment to the answer which substantially changes the defense is properly denied where permission to make it is asked pending the trial.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Thomas E. Ralston* and *Alonzo C. Church* for appellant.

(1) The court erred in refusing to permit defendant to strike out of its answer the erroneous admission as to possession contained in such answer. *Carr v. Moss*, 87 Mo. 447; *Waverly Timber Co. v. Cooperage Co.*, 112 Mo. 383. (2) Considered as an action of ejectment simply, independent of defendant's character

as a public railroad corporation the court erred in rendering judgment for plaintiff for any land whatever. (3) The evidence showed erroneous calls in the deed and plat, and the plat contrives the deed under the circumstances of this case and the "stone" indicated within the lines shaded in red on the plat and the stakes set in accordance therewith control the plat, particularly as Clark offered to sell "as platted" which offer was not accepted until after the stakes were set as Clark demanded. (4) Where a natural monument is shown by a plat annexed to a patent as being within the lines of the patent, the land must be so surveyed as to include the natural monument, and conform as nearly as may be to the plat, although the lines thus run do not correspond with the courses and distances mentioned in the patent, and which would not include the natural monument, and although neither the certificate of survey, nor the patent, calls for such natural monument. *McIver's Lessee v. Walker*, 9 Cranch, 173; *McIver's Lessee v. Walker*, 4 Wheat. 445; *Shelton v. Maupin*, 16 Mo. 124; *Myers v. City*, 82 Mo. 373. (5) The always pays greater regard to the intention of the parties than to the particular words used to express that intention. *Gibson v. Bogy*, 28 Mo. 478; *Jamison v. Fopiano*, 48 Mo. 194; *Rutherford v. Tracy*, 48 Mo. 325; *Thompson v. Thompson*, 115 Mo. 56; *Leitensdorfer v. Delphy*, 15 Mo. 161; *Ford v. Beach*, 11 Q. B. 866. (6) The intention of the parties having been ascertained from the deed, the plat, the possession taken by defendant and the evidence in the cause, this court will be astute in order to carry out such intention and prevent such wrong, hardship and injustice as will inevitably result to defendant by allowing the judgment and decree of the court below to stand. *Ford v. Beach*, 11 Q. B. 866; *Agan v. Shannon*, 103 Mo. 661; *Kronenberger v. Hoffner*, 44 Mo. 185. (7) This case considered as an

action of ejectment against a public railroad corporation, the plaintiff should not have been allowed to recover. Clark stood by, after having examined the premises with the plat in his possession, and before the sale, with full knowledge of the location of his ancient "line stone" indicated on the plat and of the expense incurred by defendant in building its road,'for about seven years, and only after he had sold his land to the west of this right of way to Marcus A. Wolf, in trust for the Wiggins Ferry Company, the largest stockholder of defendant, did he complain.   Under these circumstances Clark is estopped by deed, license, acquiescence and the public policy of the state of Missouri from recovering, in ejectment, any portion of the right of way occupied by defendant, either on the ground that the mistaken calls for distance to Hall street and First street controlled the other clauses in the deed and plat, and the plat itself, and the "stone" therein mentioned, or otherwise. *Dodd v. Railroad,* 108 Mo. 581; *McClellan v. Railroad;* 103 Mo. 295; 2 Wood on R'ys [Ed. 1894], ch. 14, p. 924; *Goddin v. Canal Co.*, 18 Ohio St. 169; *Railroad v. Allen,* 113 Ind. 581.  (8) This makes a case of reformation on the ground of mutual mistake.   Snell's Principles of Equity, pp. 372–375; *Leitensdorfer v. Delphy,* 15 Mo. 160; *Cassidy v. Metcalfe,* 66 Mo. 519; *Griffith v. Townly,* 69 Mo. 13; *Flynn v. Herye,* 4 Mo. App. 360. (9)   Though the sale of the right of way was made "as platted," yet there is a latent ambiguity in the plat, and the intended boundaries will in all cases govern if the parties believe the description used in the deed corresponds with the boundaries, although the exact language intended to be used was used both in the contract of purchase and in the deed itself. 2 Pom. Eq. Juris. [2 Ed.], sec. 853; *Johnson v. Taber,* 10 N. Y. 319; *Bush v. Hicks,* 60 N. Y. 292; *May v. Adams,* 58 Ver. 74;

*Butler v. Barnes*, 60 Conn. 170; *Co. v. Marshall*, 59 N. W. Rep. 294.

*Seddon & Blair* for respondent.

(1) The reformation of a deed for mistake will not be granted, unless the mistake be shown to have been mutual, and unless it shall be established by such proof as to leave no reasonable ground for hesitation in the chancellor's mind. Pomeroy's Equity Jurisprudence [2 Ed.], sec. 859; Adams' Equity [8 Ed.], p. 170. (2) It is not sufficient that the party asking relief should prove a mutual mistake. He must show what the real agreement was. This may be established however, by a preponderance of evidence. *Guelmartin v. Urquhart*, 82 Ala. 570; *St. Anthony v. Merriam*. 35 Minn. 43. (3) The lower court found for the plaintiff on defendant's crossbill. The evidence was clear. Even if it had been conflicting, the trial court saw and heard the witnesses and could weigh the evidence as well if not better than this court. Its findings will be respected, unless they are clearly shown to be erroneous. *Mathias v. O'Neill*, 94 Mo. 520; *Benne v. Schnecko*, 100 Mo. 250. (4) If there was a mistake in inserting a wrong description, the defendant's occupation, as shown by this cross bill (after striking out the express admission) does not correspond with the description it wishes to be inserted in the deed, and the defendant either knew that the descriptions were wrong (if, in fact, they are, which we deny) or was guilty of gross negligence in not knowing it. Courts of equity will not relieve under such circumstances. *Durkee v. Durkee*, 59 Vt. 70; *Pearce v. Pettit*, 85 Tenn. 724; *Brown v. Fagan*, 71 Mo. 563. (5) The defendant abandoned its cross bill at the trial and took the position that, if the deed should be properly construed, it

would show that defendant is not. encroaching on
plaintiff's lands.  He takes the same position now.
What needs only construction can not need reforma-
tion.  *Evans v. Greene,* 21 Mo. 208; *West v. Bretelle,*
115 Mo. 653.  (6) After all the evidence is in, the mat-
ter of amendment is largely within the discretion of the
trial court.  It would not sustain a motion to amend
by setting up a substantially new defense and one
which contradicts the defense made, especially where
it appears that the facts of the new defense, if not
known, could have been obtained by reasonable dili-
gence.  *A fortiori* it will not reverse the case to allow
such an amendment.  R. S. 1889, sec. 2098; *Ensworth
v. Barton,* 67 Mo. 622; *Henderson v. Henderson,* 55 Mo.
535; *Weed v. Philbrick,* 70 Mo. 648; *Parker v. Rhodes,*
79 Mo. 88; *Stewart v. Glenn,* 58 Mo. 482; *Allen v.
Ranson,* 44 Mo. 263; *Singer v. Givens,* 35 Mo. App.
602.  (7) The issue in ejectment is a legal one.  There
were no instructions asked.  This court will only inquire
whether there is any substantial evidence to support
the verdict for the plaintiff.  *Henderson v. Dickey,* 50
Mo. 161; *Crowe v. Peters,* 63 Mo. 429; *Blocksmith Co.
v. Carreras,* 26 Mo. App. 229.  (8) Where the main
intent of a deed is clear, even calls to monuments will
be disregarded as *falsa demonstratio.*  *Gibson v. Bogy,*
28 Mo. 478; *Evans v. Greene,* 21 Mo. 208; *Jamison v.
Fopiano,* 48 Mo. 194; *Orr v. Rhodes,* 101 Mo. 395.  (9)
There is no estoppel in this case.  Before one can be
estopped by his silence, he must know all the material
facts, and his silence must amount to an actual misrep-
resentation.  Bigelow on Estoppel [5 Ed.], p. 583.
(10) The evidence was conflicting on the question of
the amount of damages.  There was substantial evi-
dence to sustain the finding of the trial court on this
point.  This court will never reverse a law case for an
excessive finding of damages, unless it appears that the

trier of the facts was influenced by corruption, bias, prejudice or ignorance. *City v. Lanigan*, 97 Mo. 175; *Caruth v. Richardson*, 96 Mo. 186.

BURGESS, J.—This is ejectment for two small tracts of land in the city of St. Louis. The petition is in two counts. In the first count the land is described as a "strip of land in city block 1222 of the city of St. Louis described as follows: Commencing at a point * * * one hundred and nineteen (119) feet and two (2) inches west from a point where the southern line of said land so conveyed by Bissell to Clark intersects the west line of Hall street; thence running west along said southern line of said land conveyed by Bissell to Clark, twenty-six (26) feet to the northeast line of the right of way conveyed by William G. Clark to the St. Louis Transfer Railway Company by deed dated thirteenth day of June, 1895, thence running westwardly along the northeastern line of the said right of way one hundred and three (103) feet to the center line of Gingrass Creek; thence northwardly along the said center line of Gingrass Creek twenty-seven (27) feet to the foot of the slope of the embankment built by the St. Louis Transfer Railway Company, and on which it has laid its tracks; thence southeastwardly, following the foot of the slope of the said embankment, * * *."

In the second account the land is described as "a strip of land in city block 1223 in said city, beginning at a point in the division line between the land formerly owned by Adolphus Meier and the land formerly owned by Leroy Kingsland, ninety-nine (99) feet eastwardly from the point where the said division line between Meier and Kingsland intersects the eastern line of First street, being the point where the said division line intersects the east line of the slope of the embankment

built by the St. Louis Transfer Railway Company, and on which are now located its tracks; thence running west along said division line between Meier and Kingsland sixteen (16) feet to the northeast line of the right of way conveyed by Wm. G. Clark to the St. Louis Transfer Railway Company by deed dated June 13, 1885, and recorded in the office of the recorder of deeds for the city of St. Louis, in book 768, page 32; thence northwest along the northeast line of said right of way so conveyed by William G. Clark to the St. Louis Transfer Railway Company two hundred and thirty (230) feet to the intersection with the eastern line of said First street, thence northwardly along the eastern line of said First street, fifty-one (51) feet to the foot of the slope of the said embankment; thence southeastwardly along the foot of the slope of said embankment two hundred and eighty-five (285) feet to the place of beginning.''

Defendant answered, admitting that it was a corporation, that it was in possession of a small portion of the land described in each count in the petition, and that plaintiff was entitled to judgment therefor, but denied all other allegations. Then, by way of cross bill, defendant alleged that it was a railway corporation incorporated under the laws of Missouri; that prior to the seventeenth day of June, 1885, the defendant had "surveyed, located and projected" its railroad in Hall street on a survey line midway between its two tracks to a point in Hall street two hundred and fifty feet south of the north line of Bremen avenue, being eleven and sixty-three hundredths feet east of the center of Hall street at said point; that from there it had surveyed, located and projected" its survey line on certain curves and tangents fully described in the cross bill, across city blocks 1222 and 1223 over the lands of William G. Clark into the center of First or McKissock

street; that this survey line was with the knowledge and consent of plaintiff plainly marked on the ground by stakes set twenty-five feet apart by the surveyor who made the plat, and that, prior to said day, plaintiff was made aware and well knew said location, that is to say, the line of stakes; that thereafter and prior to the seventeenth day of June, 1885, plaintiff agreed and intended to sell to defendant, and defendant agreed to purchase from the plaintiff, the right of way, fifteen feet on each side of said line so "plainly staked;" that by deed dated the thirteenth day of June, 1885, and acknowledged and delivered on the seventeenth day of June, 1885, the plaintiff executed to defendant a deed with a map annexed, and which will hereafter be referred to as Exhibit A.

Defendant further states that the description contained in said deed does not in fact, by reason of a mutual mistake, describe the right of way that both parties intended and on its face it purports to convey. Then the cross bill set out the description in the deed from Clark and wife to defendant, dated thirteenth of June, 1885. The defendant then averred that the plat is erroneous, and fails to describe the property intended by both parties, and that all of its calls to both Hall and McKissock streets are erroneous. The cross bill then described specifically the alleged mistake made by the surveyor who placed the stakes, and who afterward made an erroneous plat by reason of having laid down both Hall and McKissock streets wrongly on the ground. It then described the property which it averred was intended by both parties as a tract fifteen feet on each side of a certain center or survey line, starting from a point in the center of its tracks as now laid in Hall street two hundred and fifty feet south of the north line of Bremen avenue, as its initial point. It avers that this description of this line differs from the line described

in the plat, inasmuch as the plat does not show any initial or ending point, either in Hall or McKissock street, and a different length of tangent, and does not show the amount of angle consumed on either curve. The defendant then stated that by innocent mistake it had built its line of road so as to occupy a part of defendant's lands, giving a full description of it. Defendant then offered to release the land and pay certain damages which it alleged to be reasonable. It then stated that said deed and plat were incorrectly written and drawn by the "scrivener" through mistake and ignorance of the true location of the defendant's railroad on Hall street with reference to the "true center of said street and of the true centers of Hall and First or McKissock streets," whereby all the land lines given in the conveyance, including those of Hall and First streets were wrongly stated in the deed.

The answer and cross bill conclude with a prayer for the correction of the plat, and also deed from plaintiff and wife to defendant, and that they be compelled to execute to defendant a new deed correctly describing the land intended to be conveyed.

Plaintiff filed a reply denying all new matter set up in the answer and cross bill.

There was a judgment for plaintiff on both counts in the petition for possession of the land and damages. Defendant appealed.

By the answer there are interposed two defenses, one raised by the denial of the allegations in the petition, the other, equitable, raised by the allegations in the cross bill, in which it is alleged that the land intended to be conveyed to defendant was, by mutual mistake between the parties to the deed, misdescribed, and asking that the deed be reformed.

Defendant's first contention is that both parties to the deed clearly intended that the center line of the

right of way sold "as platted" should pass six feet, eleven and three fourths inches of Clarks ancient "line stone," which, as it claims, is indicated on the plat, and not twenty-five feet further west, as fixed by the first call for distance to Hall street in the deed, which was a mutual mistake as shown by the plat, the survey and staking out the center line, the call for ninety-five feet to Gingrass Creek and the possession taken by defendant at the time, and other corroborating circumstances in proof. On the contrary, the plaintiff contends that the land intended by both Stone, who represented the defendant in purchasing the right of way from plaintiff, and by Clark was the land described on the plat; that the land was sold by the plat and not by stakes; that the bargain was closed on a certain piece of land as platted; that the deed was drawn in exact conformity with the original bargain; that what both parties had in mind could contain no mistake and that the bargain for the sale and deed both referred to a piece of ground shown on the plat which had been furnished to Clark by the railroad company, for his information as to the property intended to be conveyed, and that, even if Stone made a mistake, Clark did not, as he was governed entirely by the plat, and that, if any mistake was made, it was by Stone, was not his, and, therefore, not mutual.

In order to entitle a party to a deed to its reformation, upon the ground of mutual mistake in describing the land intended to be conveyed, it must be made to appear that the mistake was mutual, and the evidence of the mistake must be "most clear and convincing." A mere preponderance of evidence is not sufficient. *Sweet v. Owens*, 109 Mo. 1, and authorities cited. *Bartlett v. Brown*, 121 Mo. 353, and authorities cited. "In other words, that when the deed was executed, both parties understood it to convey the identical land

which the bill alleges it ought and would have conveyed, had not the alleged mistake occurred; and that the re-formation, in some, at least, of the particulars alleged, is necessary in order that the deed may correctly speak the actual intention of both parties and thereby per-fect and perpetuate their real agreement which the deed in its present form fails to express." *Andrews v. Andrews*, 81 Maine, 337; *Bartlett v. Brown, supra.*

The evidence showed that Stone, the manager of defendant's road, on the twenty-fifth day of May, 1885, asked Clark upon what terms he could purchase a right of way through his, Clark's property, in city blocks 1222 and 1223, at which time Clark requested Stone to furnish him a map showing the proposed location of the road through said lots. On the twenty-ninth of May following, Stone wrote a letter to Clark, inclosing the following plat: *

*NOTE.—Light lines represent the "red lines" mentioned in opinion; shaded lines represent the "shaded red lines."

In his letter to Clark, Stone stated that he handed him therewith a plat of the property, "showing line of our proposed railroad now in course of construction. The red line of plat indicates the route, which is, eighteen feet wide."

On June 8 plaintiff wrote a letter to Stone in which he stated: "I will sell and convey to your company the right of way through my grounds *as platted* and situated north of Bremen avenue, say, thirty feet wide, when you shall have filled up roadbed; that is to say, the top surface." On June 13, following, Stone replied by letter, as follows: "Referring to yours of the eighth inst., have to say, that the St. Louis Transfer Railway Company accepts your proposition for conveyance of the right of way through your grounds as platted."

Plaintiff and wife thereafter, on June 17, 1885, executed to defendant a deed to the property. The description of the property conveyed is as heretofore set forth. The clause in the deed, referring to the plat is as follows: "The said two tracts of 30 feet in width, being the property over which said St. Louis Transfer Railway Company has projected its line of railroad through the property over which the right of way is here granted, is set forth within the lines shaded in red on a plat hereto annexed and made part of this deed, with full and free license and authority thereon to locate, construct, operate and maintain their railroad."

There was evidence that while the trade was pending between plaintiff and Stone plaintiff asked Stone to have some stakes driven along the proposed right of way, so that he could see where the road was to be located, but it further showed that it had not been done until after the trade had been closed, and was not taken into consideration at the time of the trade.

Such are the salient facts as disclosed by the evidence upon this branch of the case, which, in our opinion, fall far short of showing that defendant is entitled to have the deed and plat reformed upon the ground of mutual mistake as to the description of the land sold.  Upon the contrary, the decided preponderance of the evidence is that there was no mistake upon the part of Clark, even if there was upon the part of Stone, which is by no means clear.  There was no act or admission of Clark after the execution of the deed which showed any mistake upon his part as to the description of the property conveyed thereby.

We come now to that branch of the case in which counsel for the defendant insist, "considered as an action of ejectment simply, the court erred in rendering judgment for plaintiff for any land whatever."  In order to determine this question, although an issue at law, triable by a jury, or by the court sitting as a jury, in which no declarations of law were asked or given, we are asked to review the evidence, and to reverse the judgment because of the evidence being insufficient to support the finding and judgment, and this, too, while it was admitted in defendant's answer that plaintiff was entitled to recover judgment for a portion of the land.

It has been uniformly held by this court that, in cases triable by jury where no instructions or declarations of law are asked or given, as it is impossible for us to know upon what theory the trial court arrived at its finding and judgment, its action will not be reviewed.  *Thies v. Garbe*, 88 Mo. 146; *Parkinson v. Caplinger*, 65 Mo. 290; *Harrison v. Bartlett*, 51 Mo. 170; *Wilson v. Railroad*, 46 Mo. 36; *Garrison v. Lyle*, 38 Mo. App. 558.  If defendant sought to raise a question of law on the trial, declarations of law should have

been asked for, so as to enable this court to see upon what theory the case was decided in the court below.

Before the case was finally submitted, defendant moved the court for leave to strike out from the answer, in order to conform the pleadings to the proof, that part in which it was admitted that defendant was in possession of, and that plaintiff was entitled to recover judgment for, a portion of the property sued for. The court did not pass upon the motion, in which it is contended that error was committed, and *Waverly, etc., Co. v. St. Louis Cooperage Co.*, 112 Mo. 383, and *Carr v. Moss*, 87 Mo. 447, are relied upon as sustaining that contention.

In the first named case, which was an action for damages for cutting timber on plaintiff's land, on calling the case for trial plaintiff asked leave of court to amend its petition as to the description of the land upon which the timber was cut, in order to conform the pleadings to the proof in the depositions on file. The court refused to allow the amendment to be made, and it was correctly held that, as the amendment did not change the cause of action, and as the trial court held that without the amendment plaintiff could not recover for the timber cut from that part of the land described in the proposed amendment, the amendment should have been allowed.

In *Carr v. Moss*, 87 Mo. 447, it was held that the trial court committed error in refusing to permit plaintiff to amend his petition in order to conform it to the proofs.

Both of those decisions were predicated upon the ground of abuse of its discretion by the trial court in not permitting the amendment as asked. Such matters rest largely in the discretion of the trial court, and this court will not interfere, unless it is apparent that the discretion has been arbitrarily and unjustly exercised. *Ensworth v. Barton*, 67 Mo. 622.

But it is only in case that such amendments do not substantially change the defense, that they are permissible. *Irwin v. Chiles*, 28 Mo. 576. Conceding, for the sake of the argument, that the failure of the court to take action upon the motion to amend was in effect to overrule it, we are not inclined to the opinion that it committed error in doing so, because it does not appear to have been an abuse of its discretion. Moreover, to have permitted the amendment, would have been to permit defendant to amend by denying material facts admitted in its answer, that is, that plaintiff was entitled to judgment for part of the ground sued for, while, if the amendment had been permitted, the answer would have stood upon the general denial of possession, and would have substantially changed the defense, which is not permissible. *Harrison's Adm'r v. Hastings*, 28 Mo. 346; *Ensworth v. Barton, supra.*

Furthermore, the case was tried just as if plaintiff's right to recovery had been denied entirely, and, even if the amendment had been permitted, the written admission by defendant of plaintiff's right to recover a part of the property would have still remained as a matter of evidence, which the amendment would not have had the effect to withdraw, and, while it would not have been a part of the record, could have been used as a written admission, and as evidence, by plaintiff upon the trial. We are unable to see how, under any view of the cause, even if the motion to amend had been squarely overruled, defendant's rights could have been prejudiced thereby.

From what has been said the judgment should be affirmed. It is so ordered. All of this division concur.