HARDING *et al.*, *Appellants*, v. WRIGHT.

Division One, March 9, 1897.

1. **Ejectment**: DESCRIPTION OF LAND: WORDS "MORE OR LESS": EQUITY. Under a deed that described the land conveyed as "eight feet more or less to the line of the lot of E. W. Wright," the grantee can claim to Wright's line, whether the strip is eight or sixteen feet wide, nor can the legal effect of the deed be changed by parol testimony. But where a mistake in the description has been made, and the parties by going on the ground agreed upon what was the true boundary, a court of equity will so reform the deed as to make the description harmonize with such agreement.

2. **Ejectment**: EVIDENCE: CIRCUMSTANCE ATTENDING PURCHASE. The fact that the grantor and grantee owned adjoining lots, and that they agreed on the purchase of a strip eight feet wide, lying between them, and that afterward the grantee claimed sixteen feet because of a new survey and the description in his deed, and the fact that the additional eight feet would include a part of the grantor's house, constitute a convincing circumstance tending to show that the parties to the deed understood that the land about to be conveyed was eight feet wide instead of sixteen, and that the grantee knew at the time where the true boundary was.

*Appeal from Mississippi Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*E. R. Lentz* for appellants.

(1) The issue being on the equitable answer of the defendant the burden was on the defendant to establish the allegations of his answer, and the case is governed by the rules of equity. *Allen v. Logan*, 96 Mo. 591. (2) The contract or deed, in this case, is unambiguous in its terms, and as there is no reasonable ground for mistake as to the subject-matter of sale by the party complaining, the contract should not be disturbed. Kerr on Fraud and Mistake, 409; *Chitwood v. Russell*, 36 Mo. App. 251. (3) It is well settled in this state that equity will not afford relief in cases of mistake where the party entering into it had the means of knowing the true state of facts, and by gross negligence failed to use such means. Kerr on Fraud and Mistake, pp. 406 and 407; 1 Story's Equity Jur., sec. 148; Snell's Principles of Equity, pp. 373, 374; *Brown v. Fagan*, 71 Mo. 568; *Evans v. Halleck*, 83 Mo. 378. (4) It is clear that both parties intended by first deed to convey sixty by one hundred and four feet out of the northwest corner of the lot. The deed is perfectly plain and unambiguous. Parol evidence can not be heard for the purpose of giving the deed a meaning different from that apparent on its face. *Harding v. Wright* (this case), 119 Mo. 1; *Jones v. Shepley*, 90 Mo. 313; *Koehring v. Muemminghoff*, 61 Mo. 408; *Simonds v. Beauchamp*, 1 Mo. 590; *Murdock v. Ganahl*, 47 Mo. 136; 1 Greenleaf on Ev., sec. 275. (5) Parol evidence can not be admitted to prove that the parties intended something different from that which the language of the deed imparts. *Wolf v. Dyer*, 95 Mo. 551; *Jennings v. Brizeadine*, 44 Mo. 334. (6) The land in controversy was conveyed by metes and

bounds. These bounds are the measure of defendant's claim, and can not be varied by parol. *Bell v. Jamison*, 102 Mo. 75. (7) It was settled by the former opinion in this case that plaintiff's deed conveyed all the land between lot then owned by plaintiff and the lot owned by defendant. *Harding v. Wright*, 119 Mo. 1.

*L. D. Grove* for respondent.

(1) Here is an equitable title in respondent, arising out of a contract for the sale of land, and is a defense to an action instituted to recover the possession of the land, the subject of the contract when united with possession. *Tibeau v. Tibeau*, 19 Mo. 81; *Hayden v. Stewart*, 27 Mo. 286; *Baldwin v. Lowe*, 22 Iowa, 367. (2) Equity assumes jurisdiction to grant relief with respect to written instruments, whether they are executory or executed, such as deeds of conveyance, etc. 2 Pomeroy's Eq. [2 Ed.], sec. 871. (3) And that parol testimony may be resorted to for that purpose is a doctrine so well established as to require no citations of authorities. (4) In all cases of mistake in deeds courts of equity will interfere, as between the original parties, or those claiming under them in privity, with notice of the facts. 1 Story, Eq. Jur., sec. 155; *Martin v. Nixon*, 92 Mo. 26-35; *Miller & Co. v. Tipton*, 113 Mo. 373-381.

MACFARLANE, J.—This suit is ejectment to recover the possession of a lot in Poplar Bluff, described as follows: Commencing one hundred and forty feet west of the northeast corner of lot 102, running thence west to the line of the lot owned by E. W. Wright, a distance of eight feet, more or less; thence south, parallel with Sixth street, one hundred and four feet; thence east, parallel with Poplar street, eight feet, more or

less, to the west line of lot now owned by Mary Harding; thence north, parallel with Sixth street, one hundred and four feet to place of beginning.

This is the second appeal, the result of the first being reported in 119 Missouri Reports, page 1.

The facts upon which the case was first tried will be found fully stated in connection with the opinion on the first appeal. For convenience we state again the situation of the lot and the circumstances out of which the conflicting claims of the parties to the land grow.

In October, 1888, plaintiff Harding owned one hundred and forty feet the east part of said lot 102, and one Ferguson owned the west part thereof, supposed to contain sixty-eight feet, upon which there was a dwelling house located fourteen or fifteen feet west from Harding's line. In said month defendant Wright agreed upon the purchase from Ferguson of a portion of his land including the house. The parties went upon the land and marked upon the fence the point to which the purchase was made. This included the house and about six feet of the land east of it, and left about eight feet of Ferguson's land between this mark and the land of plaintiff. Ferguson and defendants supposed that a fence on the lot marked the true boundary, and measuring from this east the distance was sixty feet to the agreed eastern boundary of the lot sold. A deed was thereupon made to sixty feet under this description: "Commencing at the northwest corner of said lot, running thence south one hundred and four feet; thence east sixty feet; thence north one hundred and four feet, thence west sixty feet to the place of beginning."

In a few days thereafter Ferguson sold and conveyed to plaintiff Harding what he supposed remained of his land, describing it in the deed as follows: "A part of lot 102, commencing one hundred and forty

feet west of the northeast corner of said lot, running thence west to the line of lot now owned by E. W. Wright, a distance of eight feet, more or less; thence south, parallel with Sixth street, one hundred and four feet, thence east parallel with Poplar street, eight feet, more or less, to the west line of lot now owned by said Mary Harding" [the grantee] "thence north, parallel with Sixth street, one hundred and four feet to beginning."

Previous to this sale Ferguson testifies that he pointed out to plaintiff the mark made on the fence as the eastern boundary of the land sold to defendant.

The lot was about this time surveyed and it was found that the northwest corner was eight feet further west than was supposed by Ferguson and defendant when the sale and deed were made by the former to the latter. The description in the deed of sixty feet from the northwest corner of the lot did not reach the agreed boundary by eight feet.

When this error was ascertained Ferguson made to defendants a deed to the land lying between the lot as described in the deed and the agreed boundary describing it substantially as follows: "Commencing sixty feet east from the northwest corner of the lot (102) running thence south one hundred and four feet; thence east parallel with the north line of said lot, eight feet, thence north one hundred and four feet, thence west eight feet to beginning."

After the case had been remanded by this court defendant amended his answer setting up affirmatively the error made in the description of the land in the deed from Ferguson to him, and asking equitable relief.

The first trial involved the title as it appeared from the deeds of the parties offered in evidence. The court held that the deed from Ferguson to plaintiff, under the

description of "eight feet more or less to the line of the lot of E. W. Wright," carried the legal title to Wright's line, whether it were eight or sixteen feet. The east line of defendant's lot, according to his deed, was sixty feet east of the northwest corner of the lot.

It was also held that the legal effect of these deeds could not be changed by parol evidence.

The correctness of these legal propositions is not questioned on this appeal. The question for decision is not whether plaintiffs' deed carried the title to the line of defendant's lot. That is conceded; but, where in equity, as between these parties, is defendant's line located.

That the boundary of the lot was fixed and marked when plaintiff purchased is beyond controversy. To this fact the grantor in the deed, as well as defendant, testifies. As between these parties, the agreed boundary is the true boundary of defendant's lot. That a mistake was made in the description of the land sold, as contained in the deed, is perfectly plain. This error a court of equity has the power to correct, if the rights or equities of third parties have not intervened. *Ezell v. Peyton*, 134 Mo. 484.

We are satisfied also that plaintiff had notice of the agreed boundary of defendant's lot when he purchased from Ferguson what remained. Ferguson, who is wholly disinterested except in doing what is right, testifies that before plaintiff purchased he pointed out to him the boundary of defendant's lot, showed him the boundary mark on the fence. Plaintiff, it is true, denied any notice, but we think the circumstances corroborate the evidence of Ferguson. The disputed land takes one or two feet of the dwelling house which was in the actual possession of defendant. This was a circumstance that should have put plaintiff on inquiry as to the extent of defendant's purchase. The deed plain-

tiff received described the land as eight feet more or less to the line of defendant's lot. This is a very convincing circumstance tending to show that the parties to the deed supposed that the land intended to be conveyed was about eight feet wide instead of double that width.

We are of the opinion that defendant is clearly entitled, under his answer and the evidence, to hold his possession and to have the legal title to the land in suit vested in him.

· The judgment is affirmed. All the judges of this division concur.